TOWN OF CANTERBURY *v.* COMMISSIONER OF
ENVIRONMENTAL PROTECTION
(AC 20474)

Foti, Dranginis and Stoughton, Js.

Argued February 20—officially released April 17, 2001

*Richard S. Cody,* town counsel, with whom, on the brief, was *Jason D. Westcott,* for the appellant (plaintiff).

*Anthony Jannotta,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Eliot D. Prescott* and *Krista E. Trousdale,* assistant attorneys general, for the appellee (defendant).

*Opinion*

FOTI, J. The plaintiff, the town of Canterbury, appeals from the judgment of the trial court dismissing its action for a declaratory judgment. In that action, the plaintiff challenged the constitutionality of a state regulation that permits the defendant commissioner of environmental protection to impose conditions on the defendant's grant of operating permits for certain waste transfer stations. The plaintiff claims that the court's dismissal of its action on the ground that a town lacks standing to challenge the constitutionality of an agency regulation was improper. The defendant claims as an alternate ground for affirming the judgment that the

plaintiff failed to exhaust its administrative remedies. We affirm the judgment of the trial court.

The defendant possesses statutory authority to "administer and enforce the planning and implementation requirements" of the state's solid waste management laws. General Statutes § 22a-208 (a). The defendant promulgates regulations pursuant to General Statutes § 22a-209.[1] One such regulation, § 22a-209-4 (c) (3) of the Regulations of Connecticut State Agencies, provides in relevant part: "The Commissioner may impose any reasonable conditions upon a permit to operate." In October, 1996, the plaintiff applied to the defendant, pursuant to § 22a-208 et seq., to obtain a permit to construct and operate a municipal solid waste transfer station in Canterbury. In March, 1999, the defendant issued a proposed decision permitting the plaintiff to construct and operate the facility. The defendant imposed two conditions on the permit: (1) that the plaintiff properly close an adjacent landfill site, owned by a third party, before beginning operation, and (2) that the plaintiff exclude certain individuals and businesses associated with that adjacent landfill from managing the proposed facility. Thereafter, the plaintiff brought an action for a declaratory judgment, challenging the constitutionality of the regulation under both the federal and state constitutions.

The defendant moved to dismiss the plaintiff's complaint for lack of subject matter jurisdiction in that the plaintiff (1) failed to obtain a declaratory ruling from the defendant prior to seeking a declaratory judgment in the Superior Court, as required by General Statutes §§ 4-175 and 4-176, (2) failed to exhaust its administrative remedies in that it had sought a declaratory judg-

---

[1] General Statutes § 22a-209 provides: "The commissioner shall promulgate regulations governing solid waste management, and permits, as provided for in section 22a-208a, shall be conditioned upon conformance with such regulation as well as applicable laws."

ment prior to receiving a final decision from the defendant[2] and (3) lacked standing to address the constitutionality of a state regulation. The court granted the motion solely on the basis that the plaintiff lacked standing to challenge the regulation.

The court denied the plaintiff's subsequent motion to open the judgment. The plaintiff appealed, challenging the court's judgment and the court's denial of the motion to open. The dispositive issue in this appeal is whether a town may challenge the constitutionality of state regulations.[3]

Cities, towns and municipalities, as "creatures of the state," may not challenge the constitutionality of state laws. (Internal quotation marks omitted.) *Connecticut Assn. of Boards of Education, Inc.* v. *Shedd*, 197 Conn. 554, 559, 499 A.2d 797 (1985); *Horton* v. *Meskill*, 187 Conn. 187, 196, 445 A.2d 579 (1982). "Valid agency regulations have the force of statutes and *constitute state law. Savage* v. *Aronson*, 214 Conn. 256, 267, 571 A.2d 696 (1990)." (Emphasis added.) *Acro Technology, Inc.* v. *Administrator*, 25 Conn. App. 130, 135, 593 A.2d 154 (1991). "[A]s a creation of the state, a municipality may not challenge the constitutionality of the state's laws." *Horton* v. *Meskill*, supra, 196. Political subdivisions of the state, including cities, towns and local governing bodies created through the legislature, derive all powers, rights and duties thereby, and may not challenge the constitutionality of a state agency's regulation

---

[2] On March 16, 2000, the defendant issued a final decision approving the plaintiff's permit application with the same two conditions contained in its proposed decision. On April 24, 2000, the plaintiff filed an administrative appeal in the Superior Court. On July 12, 2000, we denied the defendant's motion to dismiss the plaintiff's appeal from the judgment dismissing its declaratory judgment action. The defendant argued that (1) the plaintiff had failed to exhaust its administrative remedies and (2) the appeal was moot in light of the plaintiff's administrative appeal.

[3] Because the court concluded that the plaintiff lacked standing, it never reached a determination of the merits of the action.

because it is, like a statute, an enactment of that subdivision's creator, the state of Connecticut.[4]

Enabling legislation, § 22a-208a,[5] empowers the defendant to act as an arm of the state. Although the defendant may not under all circumstances enjoy the shield of sovereign immunity, the defendant is nevertheless an arm of the state and, as such, is entitled to similar protection. In that situation, the defendant's regulations should be afforded the same protection as state statutes. Because state agencies enact regulations with legislative oversight, we conclude that a city or town may not challenge an agency's duly enacted regulations on constitutional grounds.[6]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] The plaintiff argues that it is challenging the regulation because it exceeds the defendant's statutory authority. The challenge is clearly constitutional, rather than statutory, in nature. We also conclude to be without merit the plaintiff's claim that declaratory judgment actions are to be liberally construed and therefore may be the proper mechanism to challenge an administrative agency's regulations.

[5] General Statutes § 22a-208a (a) provides in relevant part: "The Commissioner of Environmental Protection may issue, deny, modify, renew, suspend, revoke or transfer a permit, under such conditions as he may prescribe and upon submission of such information as he may require, for the construction, alteration and operation of solid waste facilities, in accordance with the provisions of this chapter and regulations adopted pursuant to this chapter. . . ."

[6] The legislature reviews and ratifies proposed agency regulations, which may not conflict with any federal or state law or regulation, and must comply with notice and hearing requirements as set forth by law. Given that degree of legislative oversight, a regulation, like a public act, serves a public purpose by promoting the welfare of the state or by benefiting the public. See *Chotkowski* v. *State*, 240 Conn. 246, 260, 690 A.2d 368 (1997); *Beccia* v. *Waterbury*, 192 Conn. 127, 134, 470 A.2d 1202 (1984).