PATRICIA RAY *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION
ACT, ET AL.
(AC 33064)

Gruendel, Beach and Peters, Js.

Argued November 9, 2011—officially released February 14, 2012

*Krista Dotson O'Brien,* assistant attorney general, with whom, on the brief, were *George Jepsen,* attorney general, and *Philip M. Schulz,* assistant attorney general, for the appellant (named defendant).

*Patricia Ray,* pro se, the appellee (plaintiff).

*Opinion*

BEACH, J. The defendant administrator of the Unemployment Compensation Act (administrator) appeals from the judgment of the trial court remanding the matter to the employment security board of review (board) after the board dismissed the appeal of the plaintiff, Patricia Ray, for lack of jurisdiction. On appeal, the administrator claims that the court erred in remanding the matter to the board for a review of certain factors.[1] We agree and reverse the judgment of the trial court.

This appeal arises out of the plaintiff's employment with the defendant SNET Information Services, Inc.

---

[1] Because we agree with this claim, we need not address the additional grounds for reversal raised by the administrator in its brief.

(employer). The plaintiff applied for unemployment compensation benefits, and in July, 2009, the administrator determined that the plaintiff "voluntarily left suitable work without good cause" and concluded that, effective March, 2009, she was not eligible to receive unemployment compensation benefits. The plaintiff appealed from the administrator's determination to the employment security appeals division. The appeals referee found that the plaintiff worked full-time for the employer from January 8, 1987, until March 6, 2009. The employer offered the plaintiff an early retirement package, which she accepted on March 6, 2009. The plaintiff, who suffered from high blood pressure, feared that the employer would offer less generous medical benefits to its employees when the contract between the employer's employees and the union expired in April, 2009. After the plaintiff was no longer employed by the employer, she accepted a full-time job with Masonic Care. The appeals referee noted that the plaintiff testified that the " 'main reason' " she " 'left was to retire under the contract that offered complete medical coverage.' " The referee noted that the plaintiff's fear regarding the terms of any new contract was speculative because at the time she quit her job in March, 2009, the old contract had not yet expired and a new contract had not been negotiated. The referee concluded that the plaintiff's fear that the employer would offer less generous medical insurance benefits in the future did not afford her good cause for leaving her job. The referee affirmed the administrator's determination.

The referee's decision was mailed on September 14, 2009. On December 2, 2009, the plaintiff filed an appeal from the referee's decision to the board. The board dismissed the plaintiff's appeal for lack of jurisdiction. The board reasoned that the plaintiff's appeal was not timely because it was not filed within the twenty-one day period after the decision was mailed as required

by General Statutes § 31-248. The board concluded that the plaintiff had not demonstrated good cause for filing a late appeal; see General Statutes § 31-248; pursuant to § 31-237g-34 (c) of the Regulations of Connecticut State Agencies.[2] The board determined that the plaintiff's failure to read the notice of appeal rights and failure to seek clarification of her appeal rights constituted a lack of due diligence, thereby preventing a finding of good cause.

The plaintiff filed a timely motion to open the board's decision. In her motion to open, the plaintiff stated, inter alia, that "[t]he appeal was filed after the twenty-one day time frame because I went back to full-time

[2] Section 31-237g-34 of the Regulations of Connecticut State Agencies provides in relevant part: "(a) A Referee's decision on an appeal shall become final on the twenty-second (22nd) calendar day after the date on which a copy of such decision was mailed to the parties unless prior to said twenty-second day . . . (c) For purposes of this section, a party has good cause for failing to file an appeal within twenty-one (21) calendar days of the issuance of the Referee's decision if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the Board shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with the Administrator and the Employment Security Appeals Division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the appeals division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the Administrator or Employment Security Appeals Division; or the failure of the Administrator, the Appeals Division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its appeal; (xi) Good faith error, provided that in determining whether good faith error constitutes good cause, the Board shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence. . . ."

employment on September 10, 2009, which was before the referee's decision that was sent out on September 14, 2009. I did not continue to file claims as scheduled because I was now working forty hours a week making just as much or more than I would have received from unemployment." The board denied the motion and reasoned that the plaintiff's indecisiveness or "change of heart" about filing an appeal did not constitute good cause for filing a late appeal. The board concluded that the plaintiff failed to show that the ends of justice required it to open its original decision.

Pursuant to General Statutes § 31-249b, the plaintiff appealed to the trial court from the decision of the board. The court found that the plaintiff was acting in good faith. It did not accept the board's reasoning for its failure to grant the plaintiff's motion to open because it determined that the board had not considered several of the mandatory factors listed in § 31-237g-34 (c) of the regulations. It remanded the matter to the board "to conduct a full review of the good cause factors which might justify waiver of the time to appeal . . . ." This appeal followed.

"In the processing of unemployment compensation claims . . . the administrator, the referee and the employment security board of review decide the facts and then apply the appropriate law. . . . [The administrator] is charged with the initial responsibility of determining whether claimants are entitled to unemployment benefits. [See generally] General Statutes § 31-241. . . . This initial determination becomes final unless the claimant or the employer files an appeal within twenty-one days after notification of the determination is mailed. [General Statutes § 31-241 (a)]. Appeals are taken to the employment security appeals division which consists of a referee section and the board of review. [See] General Statutes §§ 31-237a, 31-237b. . . . The first stage of claims review lies with a

referee who hears the claim de novo. The referee's function in conducting this hearing is to make inquiry in such manner, through oral testimony or written and printed records, as is best calculated to ascertain the substantial rights of the parties and carry out justly the provisions . . . of the law. General Statutes § 31-244. This decision is appealable to the board of review. General Statutes § 31-249. Such appeals are heard on the record of the hearing before the referee although the board may take additional evidence or testimony if justice so requires. [General Statutes § 31-249]. Any party, including the administrator, may thereafter continue the appellate process by appealing to the Superior Court and, ultimately, to [the Appellate and Supreme Courts]." (Citations omitted; internal quotation marks omitted.) *Fullerton* v. *Administrator, Unemployment Compensation Act*, 280 Conn. 745, 755–57, 911 A.2d 736 (2006).

The administrator claims that the court erred in remanding the plaintiff's appeal to the board for a full review of the good cause factors.[3] The administrator argues that the court impermissibly exceeded its scope of review when it found facts and when it remanded the matter to the board on the ground that the board failed to "allude to several factors imposed on it by the

---

[3] We note that although the court's remand order was interlocutory in nature, it is nonetheless a final judgment for purposes of appeal. "A trial court may conclude that an administrative ruling was in error and order further administrative proceedings on that very issue. In such circumstances, we have held the judicial order to be a final judgment, in order to avoid the possibility that further administrative proceedings would simply reinstate the administrative ruling, and thus would require a wasteful second administrative appeal to the Superior Court on that very issue." *Schieffelin & Co.* v. *Dept. of Liquor Control*, 202 Conn. 405, 410, 521 A.2d 566 (1987). In the present case, the trial court's remand order to the board was a final judgment for purposes of this appeal; the remand order did not call for an evidentiary inquiry into an issue that the board had not previously addressed, but rather directed the board to undertake a reconsideration of an issue upon which the board previously had ruled. See *Doe* v. *Connecticut Bar Examining Committee*, 263 Conn. 39, 49, 818 A.2d 14 (2003).

regulation" because the board had already addressed the plaintiff's contentions in its decision. We agree.

The court provided two grounds for its decision to remand for consideration of the factors listed in § 31-237g-34 (c) of the regulations. First, the court apparently accepted as true the plaintiff's representations: "She said she called to find out whether she could still appeal the original claim and was told that she could. She gave the same reason in her appeal to this court. She took the same position in her argument before this court. She thought that because her new, albeit short-lived, job paid more than she would have gotten from unemployment benefits she was no longer qualified to receive them. She said 'the paper' said (apparently referring to documents from unemployment compensation appeals unit) that she did not think she was 'eligible.' The court concludes that the plaintiff had an honest, good faith, erroneous opinion about her eligibility for unemployment benefits as a result of her new job."

Second, the court stated that "none of [the] subsection xi factors were considered by the board." Subsection xi of § 31-237g-34 (c) of the regulations included factors to be considered in determining whether good faith error in untimely filing constitutes good cause for tardiness. The court remanded the case to the board for a "full review of the good cause factors . . . ."

In an appeal to the court from a decision of the board, the court is not to find facts. See General Statutes § 31-249b; Practice Book § 22-9 (a); *Calnan* v. *Administrator, Unemployment Compensation Act*, 43 Conn. App. 779, 784–85, 686 A.2d 134 (1996). In the absence of a motion to correct the finding of the board, the court is bound by the board's finding. Practice Book § 22-4 et seq.; *Johnson* v. *Administrator, Unemployment Compensation Act*, 3 Conn. App. 264, 267–68, 487 A.2d 565 (1985); see generally *United Parcel Service, Inc.* v.

*Administrator, Unemployment Compensation Act,*
209 Conn. 381, 387, 551 A.2d 724 (1988). The board did
not either expressly or implicitly find a good faith error;
nor did it find to the contrary.

The board did, however, find that the plaintiff had
been indecisive and simply changed her mind "once
she was laid off from her new employment" and found
that her change of mind did not constitute good cause
for untimely filing. The board noted that a failure to
read the appeal notice of rights form constituted a lack
of due diligence, and that the advisement as to timeli-
ness was set forth in bold capital letters.

The court may not substitute its conclusions for those
of the board, but the court does have "the ultimate
obligation to determine whether the administrative
action was unreasonable, arbitrary, illegal or an abuse
of discretion." *United Parcel Service, Inc.* v. *Adminis-
trator, Unemployment Compensation Act,* supra, 209
Conn. 385–86. In the present case, the court found facts
well in excess of those found by the board; at least
in the absence of a motion to correct, it was without
authority to do so. The court erred by accepting as
true facts that the board did not find and by basing its
conclusions on those facts.

Additionally, the court drew conclusions from the
board's silence regarding several of the factors to con-
sider in determining whether the late filing was excused
by good cause. The board concluded, pursuant to § 31-
248,[4] that the plaintiff did not show good cause. The
board specifically stated in its initial ruling dismissing

---

[4] General Statutes § 31-248 (a) provides in relevant part that "[a]ny decision
of a referee . . . shall become final on the twenty-second calendar day
after the date on which a copy of the decision is mailed to the party, provided
(1) any such appeal . . . which is filed after such twenty-one day period
may be considered to be timely if the filing party shows good cause, as
defined in regulations adopted pursuant to § 31-249h, for the late filing
. . . ."

the appeal from the referee that "[u]nless the appealing party, pursuant to Section 31-237g-34 (c) of the Regulations of Connecticut State Agencies, shows good cause for filing the appeal after the twenty-first day, the referee's decision becomes final." The court's conclusion that the board did not consider the factors, especially after the board specifically referred to the very same factors, did not afford proper deference to the board. When a trial court indicates that it has reviewed statutory factors, an appellate court accepts the statement as true, at least in the absence of information to the contrary. See *Dombrowski* v. *Noyes-Dombrowski*, 273 Conn. 127, 137, 869 A.2d 164 (2005) (although court must consider all statutory criteria in determining alimony or property division, it need not make explicit reference to criteria it considered or make express findings as to each factor). We accord at least as great deference to agencies as to courts; the court is not to substitute its conclusions for those of the board, but it does retain "the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." *United Parcel Service, Inc.* v. *Administrator, Unemployment Compensation Act*, supra, 209 Conn. 385–86.

There is no indication in the record that the board improperly applied the regulation. In its initial decision, the board cited the good cause exception in § 31-237g-34 (c) of the regulations. The board expressly examined some of the good cause factors enumerated in the regulation in its initial decision and in its decision on the motion to open. Furthermore, there is nothing in the record to suggest that the board acted unreasonably, arbitrarily, illegally, or in abuse of its discretion in dismissing the plaintiff's appeal or in denying her motion to open. The court erred in remanding the matter to the board to review the good cause factors in § 31-237g-34 (c).

The judgment is reversed and the case is remanded to the court with direction to affirm the decision of the board.

In this opinion the other judges concurred.