******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LYNNE RESSO *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION
ACT, ET AL.
(AC 35171)

Lavine, Keller and Mihalakos, Js.

*Argued September 17, 2013—officially released January 21, 2014*

(Appeal from Superior Court, judicial district of
Waterbury, Hon. Joseph H. Pellegrino, judge trial
referee.)

*Thomas P. Clifford III*, assistant attorney general,
with whom, on the brief, were *George Jepsen*, attorney
general, and *Philip M. Schulz*, assistant attorney gen-
eral, for the appellant (named defendant).

*Ryan Killeen Morse*, with whom, on the brief, was
*Barbara J. Collins*, for the appellee (plaintiff).

*Opinion*

MIHALAKOS, J. The defendant, the administrator of the Unemployment Compensation Act,[1] appeals from the judgment of the trial court reversing the decision of the Employment Security Board of Review (board) denying benefits to the plaintiff, Lynne Resso. On appeal, the defendant claims that the court improperly determined that there were insufficient facts found by the board to establish a finding of wilful misconduct. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts, as found by the board, are relevant to this appeal. The plaintiff worked as a part-time teller at Webster Bank (bank) for approximately sixteen years. On September 22, 2011, prior to leaving work, the plaintiff failed to properly count all of the money in her drawer as was required by the bank's policies. Specifically, she did not account for fifty dollars in mutilated cash that she had received that day and consequently misrepresented the amount of cash in the drawer. The plaintiff's supervisor discovered the error while performing an audit. The bank's managers met with the plaintiff to discuss the issue, whereupon she admitted that she had not counted all the cash in her drawer. The bank's policy required tellers to piece count all moneys in their drawers at the end of each shift and prohibited the inaccurate reporting of a drawer's contents. Violation of this policy was grounds for termination. The plaintiff was suspended and, shortly after, discharged from employment.

Following her termination, the plaintiff filed an application for unemployment compensation benefits. On November 4, 2011, the defendant ruled that the plaintiff was disqualified from receiving benefits pursuant to General Statutes § 31-236 (a) (2) (B) on the basis of the defendant's finding that the bank had discharged the plaintiff for wilful misconduct in the course of her employment. The plaintiff filed a timely appeal and a hearing was held before an appeals referee (referee). On December 6, 2011, the referee affirmed the defendant's decision. The plaintiff again filed a timely appeal to the board, which reviewed the record, including a recording of the previous hearing. On February 16, 2012, the board adopted the referee's findings of fact, with limited modifications, and affirmed the referee's decision. The plaintiff filed a timely motion to open the board's decision, which was denied. Although she was given notice that in order to dispute the board's findings of fact, she would need to file a motion to correct those findings pursuant to Practice Book § 22-4, she failed to do so.[2]

The plaintiff then appealed to the Superior Court. The defendant filed a motion for judgment asking the court to dismiss the appeal, arguing that the facts supported the board's decision and that there was a logical

basis for the decision, and noting the plaintiff's failure to file a motion to correct the board's findings. The court denied the defendant's motion, concluding that the board had abused its discretion in finding the plaintiff's conduct to be wilful. Concluding that there were insufficient facts in the board's findings to support its decision, the court sustained the appeal and reversed the decision of the board. The court did not specify why the facts found were insufficient. This appeal followed.

The defendant claims that the trial court improperly determined that the board's finding of wilful misconduct was an abuse of discretion. Specifically, the defendant argues that the unchallenged record and conclusive factual findings of the board provided a sufficient basis for its conclusion that the plaintiff had engaged in wilful misconduct. We disagree.

The following legal principles guide our decision. General Statutes § 31-249b provides claimants with the right to appeal a decision of the board denying unemployment compensation benefits to the Superior Court. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board . . . . The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted; footnote omitted.) *United Parcel Service, Inc.* v. *Administrator, Unemployment Compensation Act*, 209 Conn. 381, 385–86, 551 A.2d 724 (1988).

"A plaintiff's failure to file a timely motion [to correct] the board's findings in accordance with [Practice Book] § 22-4 prevents further review of those facts found by the board. . . . In the absence of a motion to correct the findings of the board, the court is not entitled to retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether . . . there was any evidence to support in law the conclusions reached. [The court] cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." (Citation omitted; internal quotation marks omitted.) *Tosado* v. *Administrator, Unemployment Compensation Act*, 130 Conn. App. 266, 275, 22 A.3d 675 (2011).

Unemployment compensation is a legislative initiative and determinations of eligibility for benefits are made pursuant to the statutes and regulations governing

the program. "[A]n individual shall be ineligible for benefits . . . if, in the opinion of the administrator, the individual has been discharged . . . for . . . wilful misconduct in the course of the individual's employment . . . ." General Statutes § 31-236 (a) (2) (B). "Whether the circumstances of an employee's termination constitute wilful misconduct on the employee's part is a mixed question of law and fact." *United Parcel Service, Inc.* v. *Administrator, Unemployment Compensation Act*, supra, 209 Conn. 386.

Among other things, the statute defines "wilful misconduct" as "a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's incompetence . . . ." General Statutes § 31-236 (a) (16); see also Regs., Conn. State Agencies § 31-236-26. To establish that an individual was discharged or suspended for wilful misconduct under this definition, pursuant to § 31-236-23b of the Regulations of Connecticut State Agencies, all of the following findings must be made. First, there must have been a knowing violation in that "(1) the individual knew of such rule or policy, or should have known of the rule or policy because it was effectively communicated to the individual. . . . (2) the individual's conduct violated the particular rule or policy; and (3) the individual was aware he [or she] was engaged in such conduct." Regs., Conn. State Agencies § 31-236-26b (a). Second, the rule or policy must be reasonable in that it "furthers the employer's lawful business interest." Id., § 31-236-26b (b). Third, the rule or policy must be uniformly enforced in that "similarly situated employees subject to the workplace rule or policy are treated in a similar manner when a rule or policy is violated." Id., § 31-236-26b (c). Fourth, the rule or policy must be reasonably applied in that "(1) . . . the adverse personnel action taken by the employer is appropriate in light of the violation of the rule or policy and the employer's lawful business interest . . . and (2) . . . there were no compelling circumstances which would have prevented the individual from adhering to the rule or policy." Id., § 31-236-26b (d). Fifth, the violation of the rule or policy must not have been a result of the individual's incompetence, where "the individual was incapable of adhering to the requirements of the rule or policy due to a lack of ability, skills or training, unless it is established that the individual wilfully performed below his employer's standard and that the standard was reasonable." Id., § 31-236-26b (e).

In the present case, the court determined that the facts in the record, as found by the referee and adopted with modifications by the board, were insufficient to establish a finding of wilful misconduct. Although the court did not specify which necessary facts were absent from the board's findings,[3] our review of the record confirms that the court's conclusion was correct. Spe-

cifically, the board's findings of fact were devoid of any facts supporting a finding that the bank's policy was uniformly enforced. The board was required to find that the bank treated other tellers who inaccurately reported the contents of their drawer similarly to the plaintiff.[4] It failed to do so, as its findings contain no mention whatsoever of other tellers violating the policy or the treatment they received for doing so.

The defendant argues that the board need not specifically address all the criteria required for a finding of wilful misconduct contained in the regulations.[5] We disagree. "Valid agency regulations have the force of statutes and constitute state law." (Emphasis omitted; internal quotation marks omitted.) *Canterbury* v. *Commissioner of Environmental Protection*, 62 Conn. App. 816, 819, 772 A.2d 687, cert. denied, 257 Conn. 901, 776 A.2d 1153 (2001). "When interpreting a regulation, [a court] must use common sense." *Fullerton* v. *Dept. of Revenue Services*, 245 Conn. 601, 612, 714 A.2d 1203, 1208 (1998). The regulation relating to wilful misconduct under the knowing violation definition expressly states that the administrator "*must* find *all*" of the listed criteria in order to establish that a knowing violation has occurred and thereby deny benefits to a claimant. (Emphasis added.) Regs., Conn. State Agencies § 31-236-26b. It is only logical that the satisfaction of these criteria must be announced in the any administrative decision denying benefits on those grounds and predicated on the findings of fact recited therein. See *Tosado* v. *Administrator, Unemployment Compensation Act*, supra, 130 Conn. App. 277–78 (reviewing board's decision for findings related to all criteria contained in regulation pertaining to deliberate misconduct in wilful disregard of employer's interest).

The referee's decision, adopted by the board, recognized that all of the criteria contained in the regulation must be found and that the bank, not the plaintiff, bore the burden of proving the criteria to be satisfied. The referee explicitly stated that she found certain elements of the regulation to be fulfilled and carefully recited facts that supported her conclusion. Under the defendant's theory, this detailed report, meticulous in all respects besides its omission of findings of the uniform enforcement element, would be wholly unnecessary when a succinct statement of denial would suffice. That cannot have been the agency's intent in promulgating a regulation containing such a precise delineation of the circumstances required to deny benefits. Nor would allowing such summary denials give effect to the legislature's express mandate that the Unemployment Compensation Act "be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualification in doubtful cases." (Internal quotation marks omitted.) *Mattatuck Museum-Mattatuck Historical Society* v. *Administrator, Unemployment Compensation Act*, 238 Conn. 273,

278, 679 A.2d 347 (1996) (citing General Statutes § 31-274 [c]).

Thus, we conclude that the defendant, or any reviewing administrative authority, in making a finding of wilful misconduct, must expressly make findings as to all of the elements listed in the relevant regulation, including a recitation of the facts that are the basis of those findings. As the board failed to do so in this case, the court's judgment sustaining the plaintiff's appeal on the basis of the board's lack of sufficient factual findings was proper.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff's employer, Webster Bank, also was named as a defendant, but did not appear before the trial court and is not a party to this appeal. We refer in this opinion to the administrator of the Unemployment Compensation Act as the defendant.

[2] The plaintiff argues for the first time on appeal that the notice provided by the board was insufficient and, therefore, deprived her of due process. Even assuming that the issue is properly before this court, the plaintiff was twice provided with a notice of appeal rights stating that "[i]f a party who appeals to the Superior Court wishes to dispute the Board's findings of fact, it has to file a Motion to Correct Findings." This notice sufficiently advised the plaintiff of the necessity of filing a motion to correct.

[3] We note that the defendant did not file a motion for articulation in this case. "It is well established that [a]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal." (Internal quotation marks omitted.) *Priest* v. *Edmonds*, 295 Conn. 132, 140, 989 A.2d 588 (2010).

[4] It occurs to us that situations may arise where an employee seeking unemployment benefits is the first ever to have been terminated for violating an employer's policy and, therefore, it would be impossible for the administrator to find that "similarly situated employees subject to the workplace rule or policy are treated in a similar manner when a rule or policy is violated." It would be illogical to preclude a finding of wilful misconduct in such a situation and, therefore, in those cases a finding by the administrator that the employee was the first to have been terminated for violating the policy would suffice to establish that the policy was uniformly enforced. Regardless, we have no reason to believe that this case fits that description.

[5] The defendant relies on *Ray* v. *Administrator, Unemployment Compensation Act*, 133 Conn. App. 527, 36 A.3d 269 (2012), to support this contention. This reliance is misplaced. In *Ray*, this court held that a board need not make explicit reference to all the factors that a board is required to consider in determining whether a claimant has good cause for filing a late appeal, pursuant to § 31-237g-34 of the Regulations of Connecticut State Agencies. That case is inapposite because the regulation at issue in *Ray* only requires the board to consider certain factors, not to make specific findings, as is required by the regulation at issue in the present case. Furthermore, in *Ray*, unlike here, the burden was on the claimant to prove the necessary circumstances.