******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ORLANDO MARTINEZ *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION
ACT, ET AL.
(AC 37958)

Alvord, Prescott and Mihalakos, Js.

*Argued October 18, 2016—officially released January 24, 2017*

(Appeal from Superior Court, judicial district of
Waterbury, Hon. Joseph H. Pellegrino, judge trial
referee.)

*Thomas P. Clifford III*, assistant attorney general,
with whom, on the brief, were *George Jepsen*, attorney
general, and *Philip M. Schultz*, assistant attorney general, for the appellant (named defendant).

*Orlando Martinez*, self-represented, the appellee
(plaintiff).

*Opinion*

MIHALAKOS, J. The defendant Administrator of the Unemployment Compensation Act[1] appeals from the judgment of the trial court sustaining the appeal by the plaintiff, Orlando Martinez, and reversing the decision of the Employment Security Board of Review (board) denying benefits to the plaintiff. On appeal, the defendant claims that the court improperly (1) disregarded the factual findings of the board although no motion to correct was filed as required by Practice Book § 22-4, and (2) determined that the board abused its discretion in concluding that the plaintiff engaged in wilful misconduct. We agree and, accordingly, reverse the judgment of the trial court.

The following facts, as found by the appeals referee (referee) and adopted by the board,[2] are relevant to this appeal. The plaintiff worked as a full-time machine operator for Polar Industries, Inc. (employer), for approximately twenty years. The employer does not grant sick pay for its employees, but it does pays its employees for days spent attending jury duty. On October 21, 2013, the plaintiff was scheduled to attend jury duty at the Superior Court in Waterbury and reported to the courthouse that morning. Jury duty, however, was cancelled as of 9 a.m. on October 21. Instead of reporting to work, the plaintiff went home from the courthouse because he was not feeling well. He fell asleep and did not awake until 5:40 p.m., after his shift had ended.

When the plaintiff arrived at work at 8 a.m. on October 22, 2013, he did not inform anyone in management, including the employer's manager of administration, Michael Accuosti, that jury duty had been cancelled and that he had gone home from the courthouse because he did not feel well. At approximately 10 a.m., Accuosti approached the plaintiff regarding his October 21 absence, and the plaintiff told Accuosti that he had attended jury duty. The plaintiff did not inform Accuosti at that time, either, that jury duty had been cancelled. Accuosti knew, however, that jury duty had been cancelled for all people scheduled on October 21, 2013,[3] and, by approaching him, gave the plaintiff an opportunity to voluntarily admit the cancellation. Thereafter, Accuosti told the plaintiff that he was discharged from the employer for dishonesty related to his failure to inform the management team that jury duty had been cancelled.

Following his termination, the plaintiff filed an application for unemployment compensation benefits. On November 21, 2013, the defendant ruled that the plaintiff was disqualified from receiving benefits pursuant to General Statutes § 31-236 (a) (2) (B)[4] and Section 31-236-26a of the Regulations of Connecticut State Agencies.[5] Specifically, the defendant determined that the

employer had discharged the plaintiff for "deliberate misconduct in wilful disregard of the employer's interests as he deliberately lied to his employer about his attendance at jury duty until he was pressed into giving a correct answer." The plaintiff filed a timely appeal on December 2, 2013, and a hearing was held before a referee. On January 13, 2014, the referee affirmed the defendant's decision. The plaintiff filed a timely appeal to the board on January 29, 2014. On March 14, 2014, the board adopted the referee's findings of facts, with limited modifications and additions, and affirmed the referee's decision.

The plaintiff then appealed to the Superior Court pursuant to General Statutes § 31-249b. The defendant filed a motion for judgment asking the court to dismiss the plaintiff's appeal. The defendant argued that the facts found reasonably supported the board's decision, that the law was correctly applied to the facts, and that no motion to correct the findings of the board was filed. The court denied the defendant's motion and determined that the board's "conclusion that the [plaintiff] was guilty of wilful misconduct was an abuse of discretion." Accordingly, the court sustained the plaintiff's appeal and reversed the decision of the board. This appeal followed.

I

The defendant first claims that the court improperly disregarded the factual findings of the board, notwithstanding the plaintiff having failed to file a motion to correct in accordance with Practice Book § 22-4. Specifically, the defendant argues that "[i]t is the board's finding of facts, in the absence of a motion to correct, to which the court was bound in determining whether or not the board's conclusions from those facts were reasonable," and that "the court improperly adjudicated questions of fact, and substituted its own conclusions for those of the board." We agree.

Pursuant to § 31-249b, "any finding of the referee or the board shall be subject to correction only to the extent provided by section 22-9 of the Connecticut Practice Book." Practice Book § 22-9 (a) specifies that "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in the law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses."

Practice Book § 22-4 provides the mechanism for the correction of the board's findings. It states that "[i]f the [plaintiff] desires to have the finding of the board corrected, he or she must, within two weeks after the record has been filed in the superior court  .  .  .  file

with the board a motion for the correction of the finding and with it such portions of the evidence as he or she deems relevant and material to the corrections asked for . . . ."

"A plaintiff's failure to file a timely motion [to correct] the board's findings in accordance with [Practice Book] § 22-4 prevents further review of those facts found by the board. . . . In the absence of a motion to correct the findings of the board, the court is not entitled to retry the facts or hear new evidence." (Internal quotation marks omitted.) *Resso* v. *Administrator, Unemployment Compensation Act*, 147 Conn. App. 661, 665, 83 A.3d 723 (2014).

In the present case, the plaintiff failed to file a motion to correct with the board, a necessary prerequisite to a challenge of the board's findings. Despite no motion being filed, the court, in examining the board's decision, reviewed the evidence to determine its sufficiency and its credibility, and then substituted its own conclusions for those of the board. Specifically, the court determined that there was no finding that, if jury duty was cancelled, the employer required its employees to return to work. In addition, the court determined that the record did not indicate whether the plaintiff went to the court and was told jury duty was cancelled or at what time the plaintiff was told jury duty was cancelled. Moreover, the court determined that Accuosti's knowing that jury duty was cancelled on October 21 because he looked it up on the judicial branch website was not credible.[6] Absent a motion to correct, the court did not have the authority to attack the findings of the board and make these new findings.

## II

The defendant next claims that the court improperly determined that the board abused its discretion in concluding that the plaintiff had engaged in wilful misconduct. Specifically, the defendant argues that the record is replete with sufficient evidence to support board's finding of wilful misconduct, and that the trial court applied and incorrect standard of review and improperly concluded that the plaintiff's discharge violated public policy as set forth in General Statutes § 51-247a. We agree.

We first set forth the standard of review and the relevant legal principles. "General Statutes § 31-249b provides claimants with the right to appeal a decision of the board denying unemployment compensation benefits to the Superior Court. To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board . . . . The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the

administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Internal quotation marks omitted.) *Resso* v. *Administrator, Unemployment Compensation Act*, supra, 147 Conn. App. 664–65.

The determination of eligibility for unemployment compensation benefits is made pursuant to the statutes and regulations governing the program. An individual shall be ineligible for benefits "if, in the opinion of the administrator, the individual has been discharged . . . for . . . wilful misconduct in the course of the individual's employment . . . ." General Statutes § 31-236 (a) (2) (B). Wilful misconduct is defined as "deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's incompetence and provided further, in the case of absences from work, 'wilful misconduct' means an employee must be absent without either good cause for the absence or notice to the employer which the employee could reasonably have provided under the circumstances for three separate instances within a twelve-month period. . . ." General Statutes § 31-236 (a) (16); see also Regs., Conn. State Agencies § 31-236-26a.

In the present case, the court determined that the facts in the record, as found by the referee and adopted with modifications by the board, and the evidence submitted were insufficient to establish a finding of wilful misconduct. Specifically, the court determined that "there are not facts or evidence submitted that there was a rule of the employer that if an employee was called for jury duty or that if jury duty was cancelled that the employee must report that to the employer and/or return to work. There was no evidence of such a rule or that the [plaintiff] knew that he should have informed his employer that jury duty was cancelled and/or return to work." The court, therefore, determined that the board abused its discretion in determining that the plaintiff's actions constituted wilful misconduct.

After a thorough review of the certified record, we are persuaded that the conclusion of the referee and the board that the plaintiff's discharge was the result of an act of wilful misconduct reasonably and logically could have followed from the facts found in this case. The board found that the plaintiff's October 21 jury duty was cancelled and that he subsequently did not report to work or contact his employer. The board also

found that the following day the plaintiff arrived at work at 8 a.m., and, despite being given the opportunity early in his shift to tell management of the cancellation, the plaintiff did not inform his employer that jury duty had been cancelled. Instead, he told Accuosti that he had attended jury duty, and only admitted that it had been cancelled when he was later told by Accuosti that Accuosti had learned of the cancellation. Moreover, the board found that the plaintiff was aware that the employer would pay the plaintiff if the employer believed that the plaintiff had attended jury duty.[7]

The plaintiff did not inform Accuosti of the cancellation when prompted, but instead chose to engage in deceptive conduct that he knew would result in his receiving pay for October 21. The plaintiff, by failing to inform his employer that jury duty had been cancelled, deprived his employer of an opportunity to protect its own interests and acted in a manner inconsistent with the standards of behavior reasonably expected by his employer. See Regs., Conn. State Agencies § 31-236-26a. The board reasonably could have concluded, therefore, that the plaintiff intentionally engaged in wilful misconduct in deliberate disregard of the employer's interest and was consequently ineligible to receive unemployment compensation benefits. Accordingly, our review of the record persuades us that the decision of the board that the plaintiff's actions amounted to wilful misconduct was logically supported by the evidence, and was not unreasonable, arbitrary, illegal, or an abuse of the board's discretion.

We next briefly address the court's improper application of the public policy contained within the provisions of § 51-247a. The court found that "public policy and the provisions of . . . § 51-247a preclude an employer from discharging an employee who responds to a summons for jury duty. The [plaintiff] in this matter did respond to a jury summons, did report to the courthouse, and then was later discharged by his employer." Pursuant to § 51-247a, an employer cannot discharge an employee for responding to a summons for jury duty. The present case, however, is not a case of employer retaliation against the plaintiff for attending jury duty. In fact, in its decision, the board clearly found that the discharge was not related to the plaintiff's absence from work on October 21. Instead, at issue was whether the plaintiff's dishonesty about the reason for his absence, claiming that he had attended jury duty, met the standard for wilful misconduct.

The judgment is reversed and the case is remanded with direction to render judgment affirming the decision of the Employment Security Board of Review.

In this opinion the other judges concurred.

[1] The plaintiff's employer, Polar Industries, Inc., and the Employment Security Appeals Division Board of Review were named as defendants, but did not appear before the trial court and have not participated in this appeal. We, therefore, refer in this opinion to the Administrator of the

Unemployment Compensation Act as the defendant.

[2] The board adopted the referee's findings with one modification and one addition.

[3] Accusoti knew of the cancellation because he had looked it up on the judicial branch website.

[4] General Statutes § 31-236 (a) provides in relevant part: "An individual shall be ineligible for benefits . . . (2) . . . (B) if, in the opinion of the administrator, the individual has been discharged . . . for . . . wilful misconduct in the course of the individual's employment . . . ."

[5] Section 31-236-26a of the Regulations of Connecticut State Agencies provides in relevant part: "In order to establish that an individual was discharged or suspended for deliberate misconduct in wilful disregard of the employer's interest, the Administrator must find all of the following:

"(a) Misconduct. To find that any act . . . is misconduct the Administrator must find that the individual committed an act . . . which was contrary to the employer's interest, including any act . . . which is not consistent with the standards of behavior which an employer, in the operation of his business, should reasonably be able to expect from an employee.

"(b) Deliberate. To determine that misconduct is deliberate, the Administrator must find that the individual committed the act . . . intentionally or with reckless indifference for the probable consequences of such act . . . .

"(c) Wilful Disregard of the Employer's Interest. To find that deliberate misconduct is in wilful disregard of the employer's interest, the Administrator much find that:

"(1) the individual knew or should have known that such act . . . was contrary to the employer's expectation or interest; and

"(2) at the time the individual committed the act . . . he understood that the act . . . was contrary to the employer's expectation or interest and he was not motivated or seriously influenced by mitigating circumstances of a compelling nature. . . ."

[6] In its order, the court states that the *plaintiff's* knowing of the cancellation because he looked it up on the judicial branch website was not credible. It was Accuosti, however, that looked up the cancellation, not the plaintiff. Irrespective of the error, the court did not have the authority to review the credibility of the evidence.

[7] In its decision, the board relied in part on a prior decision, *Hafersat* v. *Veam Division*, Dept. of Labor, Employment Security Appeals Division, Broad of Review Case No. 12-BR-02 (February 6, 2002). In *Hafersat*, the board found that the claimant engaged in deliberate misconduct by falsely claiming that he attended jury duty in order the receive a day's pay or preserve sick and vacation time for future use, and thus, the claimant was ineligible for unemployment compensation benefits.