MARIA E. CLAUDIO *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION
ACT ET AL.
(AC 33409)

Alvord, Bear and Sheldon, Js.

Argued January 6—officially released March 6, 2012

*Maria E. Claudio*, pro se, the appellant (plaintiff).

*Richard T. Sponzo*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Philip M. Schulz*, assistant attorney general, for the appellee (named defendant).

*Opinion*

SHELDON, J. The plaintiff, Maria E. Claudio, appeals from the judgment of the trial court dismissing her appeal from the decision of the employment security board of review (board). The board affirmed the decision of the defendant administrator of the Unemployment Compensation Act,[1] General Statutes § 31-222 et

---

[1] The plaintiff's employer, YWCA of New Britain, was also named as a defendant in this action but is not a party to this appeal. We refer in this opinion to the administrator of the Unemployment Compensation Act as the defendant.

seq., which denied the plaintiff's application for unemployment compensation benefits. On appeal, the plaintiff claims that the court erred in affirming the conclusion of the board, which was based on the factual findings of the employment security appeals referee (referee), that the plaintiff was ineligible for unemployment compensation benefits on the ground that the plaintiff was discharged by her employer for wilful misconduct, pursuant to General Statutes § 31-236 (a) (2) (B),[2] because she had missed more than three consecutive days of work and did not call the employer. We affirm the judgment of the trial court.

The referee made the following findings of fact in her written decision: "The [plaintiff] worked for the employer from May 10, 1990, until she began a scheduled vacation on December 10, 2009, and the employer removed her from the payroll when she did not report to work by January 8, 2010. . . . The employer operates a childcare facility. The employer is required by law to staff the childcare center with a specific number of employees. The [plaintiff] most recently worked in the childcare facility. . . . The employer provided the [plaintiff] a policy. The policy explains that the employer needed medical documentation for absences [of] more than three days. . . . During 2009, the [plaintiff] asked the employer for time off for three weeks beginning December 14, 2009. . . . The employer approved the claimant's request for time off for two

---

[2] General Statutes § 31-236 (a) (2) (B) provides in relevant part that an individual is not eligible for unemployment compensation benefits if "in the opinion of the administrator, the individual has been discharged . . . [for] wilful misconduct in the course of the individual's employment . . . ." "[W]ilful misconduct means deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's incompetence . . . ." (Internal quotation marks omitted.) General Statutes § 31-236 (a) (16); see also Regs., Conn. State Agencies § 31-236-26.

weeks, December 14, 2009 through December 25, 2009. [Linda] Johnson [the director of childcare and the plaintiff's supervisor] told the [plaintiff] that she did not approve the third week. . . . The employer scheduled the [plaintiff] to return to work on December 28, 2009. . . . On December 27 or 28, 2009, the [plaintiff] called work and left a message that she was not returning to work because she was in Puerto Rico and her uncle had died. . . . Johnson . . . spoke to the [plaintiff]. The [plaintiff] said she was having health issues and did not know when she was going to return. Johnson told the [plaintiff] to call her the next day and let her know when she was going to return to work. She told the [plaintiff] to provide the employer medical documentation. . . . On December 28, 2009, the [plaintiff] attended a funeral service. The [plaintiff] [also] visited a doctor. . . . Between December 28, 2009 and January 8, 20[10], the [plaintiff] did not call the employer. She did not send the employer any medical documentation. The employer had scheduled her to work December 28, 29, 30 and 31, 2009, and January 4 to 8, 2010. The [plaintiff] had a working cell phone with her [in Puerto Rico]. . . . On January 4, 20[10], the [plaintiff] received a doctor's note excusing her from work from December 28, 20[09] until January 11, 2010. She did not forward the employer a copy of the doctor's note. . . . On January 8, 2010, the employer mailed the [plaintiff] a termination letter. . . . On January 9, 2010, the [plaintiff] received a letter from the employer explaining she had been terminated after she did not report to work or call the employer for more than a week. . . . The employer terminated the [plaintiff] effective January 11, 2010, for failing to contact the employer or provide the employer medical documentation."

On January 27, 2010, the plaintiff filed a claim for unemployment compensation benefits, which the defendant denied. The plaintiff appealed the matter to

the referee, who heard her claim de novo. The referee "did not believe the [plaintiff's] testimony that she was too ill to call the employer as the [plaintiff] testified that she went to a funeral and went to the doctor on numerous occasions during her extended absence." Thus, the referee concluded that the plaintiff did not have good cause for failing to report her absences to her employer and, because the absences constituted wilful misconduct in the course of employment, the plaintiff was ineligible for unemployment compensation benefits. The plaintiff then appealed that determination to the board.[3] In its October 14, 2010 memorandum of decision, the board stated: "Based on the existing record, we find that the referee has adequately addressed the [plaintiff's] contentions. Moreover, the parties have not offered any argument in support of or in opposition to the appeal which would disturb the referee's findings of fact. We further find that the findings are supported by the record, and that the conclusion reached by the referee is consistent with those findings and the provisions of the Connecticut Unemployment Compensation Act. Accordingly, we adopt the referee's findings of fact and decision, except that we modify the date in the referee's finding of fact [number 10] to: 'December 27, 2009.' "[4]

From that judgment, the plaintiff appealed to the Superior Court on December 7, 2010. On December 21, 2010, the court issued a briefing schedule whereby the plaintiff was to file her brief by February 1, 2011, and the defendant was to file its brief by March 1, 2011.

[3] The plaintiff also filed with the board a request for a further evidentiary hearing to produce "further verification of why [she] should be able to get [her] job back." She sought to introduce copies of her cell phone bill and letters from former colleagues. The board denied the plaintiff's request on the ground that she had failed to establish good cause for a further hearing because she had not shown that the evidence that she was seeking to introduce was newly discovered.

[4] That modification simply corrected the date from 2010 to 2009.

The notice issued to the parties further indicated that the matter would be taken on the papers on March 1, 2011, unless either party requested oral argument. The plaintiff did not file a brief, but, instead, on March 1, 2011, she filed a request for argument in which she asked the court to consider the circumstances surrounding her termination and to look at her "verification," which she alleged had not previously been considered. By way of a memorandum of decision dated March 30, 2011, the court dismissed the plaintiff's appeal. This appeal followed.

On appeal to this court, the plaintiff claims that she was not afforded the right to present her case to any of the adjudicative entities that determined that she was ineligible for unemployment compensation benefits, including the trial court, and that the facts found by the referee, and adopted by the board, do not support the conclusion that she was ineligible for unemployment benefits due to wilful misconduct attributable to her. We disagree.[5]

"To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not

---

[5] In her preliminary statement of issues filed with this court on May 26, 2011, the plaintiff listed the following issues on appeal: "(1) Unable to articulate appeal in Superior Court; (2) filing a motion for articulation under [Practice Book §] 66-5 for appellate review of the trial judge's action; (3) to be able to present evidence and pro[of] of the unlawfulness [of the] termination of my job; and (4) to be able to file for unemployment compensation."

substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. . . .

"[The court] considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether . . . there was any evidence to support in law the conclusions reached. [The court] cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." (Citations omitted; internal quotation marks omitted.) *Tosado* v. *Administrator, Unemployment Compensation Act*, 130 Conn. App. 266, 274–75, 22 A.3d 675 (2011).

Our thorough review of the record reflects that the plaintiff was afforded an opportunity to present her claims, and introduce evidence in support thereof, before the defendant and the referee. The plaintiff presented documentation in support of her claims that she attended a funeral and became ill when she was in Puerto Rico. The referee credited the plaintiff's claims in that regard. The plaintiff, by her own admission, however, did not call her employer after the one call she made, on December 27 or 28, 2009, coincident with the day that she was expected to return to work, despite knowing that her employer was expecting a follow-up telephone call. Thus, although the referee accepted the plaintiff's claims that she had attended her uncle's funeral and had fallen ill while she was in Puerto Rico, which delayed her return to work, the referee rejected the plaintiff's claim that she was too ill to call her employer every other day that she was out of work. The referee, in her role as a fact finder, acted within her discretion in making that credibility determination and it is axiomatic that it is not the role of the trial court or this court, in administrative appeals, to second

guess the fact finder's determination as to the credibility of witnesses. The plaintiff also was afforded the opportunity to be heard at the hearing before the board and, at that hearing, she "reiterate[d] the contentions that she raised at the referee's hearing." When the plaintiff appealed to the Superior Court, the court issued a briefing schedule, but the plaintiff did not file a brief in support of her claims with the court. Rather, she filed a motion in which she indicated that she felt that she had been treated unfairly and that her termination was unjustified. In light of the limited scope of the court's review in administrative matters, even if the court had allowed the plaintiff to present oral argument, the court was bound by the factual findings of the referee and the board. The court determined that the board's decision was not unreasonable, arbitrary or illegal, and, accordingly, affirmed that decision. On the basis of our review of the record in this matter, we cannot conclude that the court erred in doing so.

The judgment is affirmed.

In this opinion the other judges concurred.