MICHAEL J. WARNER *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION
ACT, ET AL.
(AC 33329)

Alvord, Bear and West, Js.

Argued February 8—officially released April 24, 2012

*Krista D. O'Brien,* assistant attorney general, with whom, on the brief, were *George Jepsen,* attorney general, and *Philip M. Schulz,* assistant attorney general, for the appellant (named defendant).

*Michael J. Warner,* pro se, the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant administrator of the Unemployment Compensation Act[1] appeals from the

---

[1] The plaintiff's employer, Acura by Executive, was also named as a defendant but was a nonappearing party at trial. We therefore refer in this opinion to the administrator of the Unemployment Compensation Act as the defendant.

judgment of the trial court reversing the decision of the employment security review board (board) denying benefits to the plaintiff, Michael J. Warner. On appeal, the defendant claims that the trial court improperly elevated the findings of fact of the appeals referee over those of the board. The board determined that the plaintiff was not eligible for benefits because he was discharged for wilful misconduct after he failed to retreat from a workplace fight.[2] Because the court exceeded its limited role in reviewing the determination of the board, we reverse the judgment.

The following facts and procedural history as found by the board are relevant to our disposition of the defendant's appeal. The plaintiff worked at Acura by Executive (the dealership) detailing cars. The plaintiff had a tumultuous relationship with another employee, Jack Roscoe. On December 23, 2009, Gary Gargano, the service manager at the dealership, informed the plaintiff that he might need to work the following day to detail a car. Roscoe commented that someone other than the plaintiff could do a better job. The plaintiff found the comment offensive and asked Roscoe to step outside to talk about the matter. Roscoe agreed to talk to the plaintiff outside of the dealership and removed his glasses before he left.

The plaintiff did not intend to fight Roscoe, but he knew there would be a " 'real confrontation' " when

---

[2] General Statutes § 31-236 (a) (2) (B) provides in relevant part that an individual is not eligible for unemployment compensation benefits if "in the opinion of the administrator, the individual has been discharged . . . [for] wilful misconduct in the course of the individual's employment . . . ." Section 31-236 (a) (16) provides in relevant part: "[W]ilful misconduct means deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's incompetence . . . ." (Internal quotation marks omitted.) See Regs., Conn. State Agencies § 31-236-26.

Roscoe removed his glasses. Both the plaintiff and Roscoe walked past Gargano on their way out. Once outside, Roscoe pushed the plaintiff, and he pushed Roscoe back. The plaintiff believed that Roscoe was about to punch him so he punched Roscoe first, knocking him to the ground. Both men subsequently were arrested after the police were called. The dealership terminated the plaintiff's employment the following day for violation of its zero tolerance policy for violence. Roscoe resigned his employment with the dealership.

The plaintiff applied for unemployment benefits, but the dealership contested his entitlement to those benefits because it claimed that he was discharged for wilful misconduct and, therefore, was not eligible. In a letter mailed January 19, 2010, the defendant denied the plaintiff benefits due to his determination that the plaintiff's termination was based on his deliberate misconduct in the course of employment in wilful disregard of his employer's interest. The plaintiff timely appealed the decision on February 5, 2010, and an appeals referee heard the appeal de novo on March 19, 2010. The appeals referee reversed the defendant's determination, noting that the board does not consider fighting to be wilful misconduct if the claimant has shown that his "actions were justifiably or reasonably provoked by certain conduct of the other employee, or the claimant was not the aggressor and acted in self-defense . . . ." The appeals referee determined that the plaintiff's conduct was not disqualifying.

Following the decision of the appeals referee, the dealership timely appealed to the board on April 14, 2010. In a decision mailed June 28, 2010, the board adopted the referee's finding of fact as its own, except it added the following sentence to the referee's finding of fact number 6: "At this time the claimant knew that it would be a real confrontation" in reference to the

point at which Roscoe removed his glasses before stepping outside to join the plaintiff. (Internal quotation marks omitted.) The board also augmented the referee's finding of fact number 14 as follows: "On December 28, 2009, the employer discharged the claimant because he violated the employer's zero tolerance policy for violence." (Internal quotation marks omitted.) Based on these additions to the referee's findings of fact, the board determined that the plaintiff knew that a physical altercation was about to ensue, and, therefore, he had a duty to retreat. Because the plaintiff failed to retreat, the board concluded that his participation in the fight constituted wilful misconduct. The board reversed the decision of the appeals referee on this ground and denied the plaintiff benefits.

The plaintiff did not file a motion to correct the board's findings but, instead, appealed to the Superior Court. The court reviewed the record and summarily reversed the decision of the board, adopting the findings of fact and conclusions of law of the appeals referee. The court stated that the appeals referee was in a better position to find the facts because he was physically able to hear the testimony and to assess the credibility of the plaintiff before issuing his decision. The court found this point dispositive. The defendant then appealed to this court.

The defendant claims that the court improperly elevated the findings of the appeals referee over the findings of the board when it determined that the appeals referee was better able to assess the credibility of the plaintiff. We agree.

A trial court's review of the findings of the board is circumscribed. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review.

The court must not retry the facts nor hear evidence. . . . [The court] cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." (Internal quotation marks omitted.) *Claudio* v. *Administrator, Unemployment Compensation Act*, 134 Conn. App. 105, 110–11, 39 A.3d 1135 (2012). "In the absence of a motion to correct the finding of the board, the court is bound by the board's finding." *Ray* v. *Administrator, Unemployment Compensation Act*, 133 Conn. App. 527, 533, 36 A.3d 269 (2012).

The plaintiff disputes the board's finding that he said that he knew it would be a " 'real confrontation' " when Roscoe removed his glasses. In fact, he claims that he did not even know that Roscoe removed his glasses until after the fight had occurred. Although this court is sensitive to the concerns of the self-represented plaintiff, the plaintiff did not file a motion to correct the findings of the board. In the absence of such a motion to correct the board's findings, the court was bound by the findings as certified to it by the board. The board found that the plaintiff knew that there would be a real confrontation because Roscoe removed his glasses and that the plaintiff had an opportunity to retreat from the fight but failed to do so in violation of the dealership's zero tolerance policy for violence. Therefore, the board determined that the dealership terminated the plaintiff for engaging in wilful misconduct and that he was not entitled to benefits. Neither the trial court nor this court has the authority to simply disregard the findings of the board and, instead, base a decision on facts not certified to it when no motion to correct was filed.

The judgment of the trial court is reversed and the case is remanded to that court with direction to affirm the decision of the employment security review board.