DONNA M. LANTIERI *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL. (AC 33368)

Beach, Alvord and Borden, Js.

Submitted on briefs March 20—officially released June 5, 2012

*George Jepsen*, attorney general, and *Philip M. Schulz* and *Krista D. O'Brien*, assistant attorneys general, filed a brief for the appellant (named defendant).

*Opinion*

ALVORD, J. The defendant administrator of the Unemployment Compensation Act[1] appeals from the judgment of the trial court reversing the decision of the employment security board of review (board) denying benefits to the plaintiff, Donna M. Lantieri. On appeal, the defendant claims that the trial court improperly found facts beyond those certified to it by the board and utilized those facts to improperly determine that

---

[1] The plaintiff's employer, Ocean State Job Lot of Meriden Parkade, LLC, was named as a defendant but is not involved in this appeal. We refer in this opinion to the administrator of the Unemployment Compensation Act as the defendant.

the board's decision that the plaintiff engaged in wilful misconduct[2] was not supported by the evidence. We agree with the defendant that the court improperly found and relied upon its own facts and, accordingly, reverse the judgment of the trial court.[3]

The following facts, as certified by the board, and procedural history are relevant to our disposition of the defendant's appeal. The plaintiff was employed by Ocean State Job Lot of Meriden Parkade, LLC (Ocean State) as a full-time department manager from October, 2007, until she was discharged on August 11, 2009. The plaintiff broke her arm while off-duty on June 1, 2009, and required surgery. Her arm was in a cast for approximately one month, and she was required to participate in four to five weeks of physical therapy. On June 5, 2009, the plaintiff requested a leave of absence pursuant to the federal Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 et seq. Ocean State notified the plaintiff by letter that she would be granted leave on the condition that she complete and return a "Certification of Health Care Provider for Employee's Serious Health Condition" form (medical form), which was

---

[2] General Statutes § 31-236 (a) (2) (B) provides in relevant part that an individual is not eligible for unemployment compensation benefits if "in the opinion of the administrator, the individual has been discharged . . . [for] wilful misconduct in the course of the individual's employment . . . ."

General Statutes § 31-236 (a) (16) provides in relevant part: "[W]ilful misconduct means deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's incompetence . . . ." (Internal quotation marks omitted.) See also Regs., Conn. State Agencies § 31-236-26.

[3] The defendant also argues that the court exceeded its authority by improperly awarding benefits to the plaintiff instead of remanding the case to the board for further proceedings. Because we determine that the court improperly discounted the facts certified to it by the board and utilized its own factual findings to reverse the board's judgment, we need not address the defendant's second contention.

enclosed with the letter. The letter stated that the plaintiff must return the medical form to Ocean State by July 7, 2009, and that if the plaintiff failed to do so in a timely manner, she faced loss of her right to reinstatement.

The plaintiff received the letter from Ocean State and brought the medical form to her physician, Robert S. Wetmore, on June 29, 2009, leaving instructions with his office staff to send the completed medical form to Ocean State's human resources department by facsimile. Ocean State did not receive the completed medical form by July 7, 2009, as required, and notified the plaintiff by telephone. The plaintiff was on vacation in Florida from July 3 until July 14, 2009. Upon her return from vacation, the plaintiff notified Wetmore's office that Ocean State did not receive her medical form, and upon inquiring, learned that someone in Wetmore's office had lost her medical form. The plaintiff then informed Ocean State's human resources department of that fact.

Ocean State directed the plaintiff to obtain a duplicate medical form (second medical form) to provide to her physician. In a letter dated July 31, 2009, Ocean State informed the plaintiff that it had extended the deadline for her to return the second medical form until August 10, 2009. In the letter, Ocean State informed the plaintiff that if the human resources department did not receive the second medical form by close of business on August 10, 2009, then Ocean State would consider the plaintiff to have voluntarily resigned. The plaintiff failed to return her second medical form to Ocean State by August 10, 2009.

Ocean State sent a letter to the plaintiff on August 11, 2009, stating that the plaintiff's leave of absence had not been extended beyond June 13, 2009, because she had failed to provide the second medical form to Ocean

State as required. The letter informed the plaintiff that Ocean State considered the plaintiff to have voluntarily resigned effective June 13, 2009. On September 21, 2009, Wetmore provided a statement taking responsibility for losing the plaintiff's first medical form.

The plaintiff applied for unemployment benefits on August 22, 2009, and a hearing was scheduled for September 10, 2009, before the defendant. On September 25, 2009, the defendant denied benefits based on his finding that the plaintiff failed to provide the second medical form as required. The plaintiff appealed the decision of the defendant on October 8, 2009, and the appeals referee heard the plaintiff's appeal on November 23, 2009. On November 30, 2009, the referee issued her decision reversing the determination of the defendant. The referee stated that although an employee's failure to comply with a request for medical documentation typically constitutes wilful misconduct, the referee found that, in the present case, the plaintiff had good cause for failing to comply with the requirement. The referee found that Wetmore's office had lost the plaintiff's first medical form and that Wetmore was on vacation when she attempted to have him send in the second medical form. The appeals referee therefore found that Ocean State discharged the plaintiff for reasons other than wilful misconduct in the course of her employment and that the plaintiff was not disqualified from receiving benefits.

Ocean State timely appealed the referee's decision to the board on December 18, 2009. On March 18, 2010, the board sent the parties notice that it was requesting documentation and that it intended to supplement the record. In this notice, it stated the following: "On December 18, 2009, [Ocean State] filed a timely appeal to the board of review from the referee's decision of November 30, 2009. Although the board normally decides an appeal on the basis of the existing record,

the board may take additional evidence if the findings are incomplete on a factual issue material to the case. See Regs., Conn. State Agencies § 31-237g-40 (e).

"At the referee's hearing on November 23, 2009, the [plaintiff] testified that she was unsuccessful in her numerous attempts to have her doctor's office complete FMLA paperwork that the employer was requesting. The [plaintiff] should provide documentation from her doctor's office verifying any contact the [plaintiff] may have made with the doctor's office. The documentation should also specify the date and method of contact. The [plaintiff's] doctor should also indicate whether the office was closed for vacation, and if so, provide the exact dates the office was closed for business.

"At the referee's hearing, the employer referred to documents it allegedly mailed the [plaintiff] in response to her request for FMLA leave. The employer should provide copies of any such documentation to the board.

"The parties have two weeks from the issuance of this notice to provide this documentation to the board of review. Copies of all documents filed with the board should also be provided to the other parties. The parties have ten (10) days from the filing of the documents in which to object to the admission of the evidence, submit written argument in rebuttal, or request a further evidentiary hearing."

Although Ocean State complied with the board's request for additional documentation, the plaintiff failed to comply; she also did not object to or submit written argument in rebuttal to any of the evidence submitted by Ocean State nor did she request a further evidentiary hearing. After reviewing the record, including the newly furnished documentation provided by Ocean State, the board reversed the decision of the appeals referee. It stated: "We find that the [plaintiff's]

reliance upon her doctor's office to submit the documentation to the employer does not absolve her from any and all responsibility with regard to the matter. Because her doctor's office lost the forms when she originally submitted them, the [plaintiff] should have taken extra precautions to ensure the doctor's office completed and returned the second set of forms to the employer by August 10, 2009. Moreover, we take an adverse inference from the [plaintiff's] failure to respond to the board's request for documentation, and find that the doctor did not prevent the [plaintiff] from complying with the extended deadline for providing medical documentation to the employer by August 10, 2009. We, therefore, conclude that the [plaintiff's] failure to provide the employer with reasonably requested medical documentation constitutes an act of wilful misconduct." The board also modified the referee's findings of fact to include the following: "The [plaintiff] did not provide the employer with the medical documentation after learning that the physician lost the first set of forms. The physician did not prevent the [plaintiff] from providing a second set of forms to the employer." The board then determined that the plaintiff was disqualified from receiving benefits. The plaintiff did not file a motion to correct the board's findings.

The plaintiff appealed the board's decision to the Superior Court via a petition dated May 19, 2010. She subsequently sent a letter to the Superior Court clerk's office, which letter was received October 13, 2010, in which she argued that it was Wetmore's office who had lost her first medical form and that she had made several attempts to contact Wetmore regarding the second medical form, but that Wetmore had been on vacation. On October 22, 2010, the defendant filed a memorandum of law arguing that the plaintiff's appeal was properly dismissed by the board because the board found that the plaintiff had engaged in wilful misconduct by failing

to turn in the second medical form to Ocean State and that, despite being provided with ample time in which to do so, she had presented no evidence to the board explaining her failure to comply with Ocean State's requirement. The defendant requested that the court dismiss the plaintiff's appeal. The matter was heard on March 17, 2011; it is undisputed that the plaintiff failed to appear for the hearing.

The court rendered judgment on March 29, 2011. Its memorandum of decision stated: "The [plaintiff] initially requested a leave of absence beginning on June 1, 2009. She is accused of ignoring multiple requests from her employer that she supply adequate medical certification to support her need for medical leave of absence. The record does not bear this out, unless the many calls, one fax and several attempts by [the plaintiff] to secure her records by visiting the doctor's office are ignored. See p. 13 entitled Fact Finding Report Plaintiff Statement. Page 16 entitled Findings of Fact discloses that the FMLA medical certification was originally due by [July 7, 2009] and was not submitted by [the plaintiff] by [July 7, 2009]. The employer extended the deadline to [August 10, 2009]. The [plaintiff] failed to submit said FMLA medical certification by [August 10, 2009], and was discharged from her employment on that date.

"The reason for [the plaintiff's] failures was because unknown to her Dr. [Wetmore's] office had lost the forms which had dutifully been submitted to the office by the [plaintiff]. . . .

"According to the [plaintiff], on one of her calls she had been informed by the doctor's office that Dr. [Wetmore] was on vacation and out of the office for an extended period following her surgery, which was another reason why he could not have furnished the necessary paper work in a timely manner. The court

certainly is not critical of Dr. [Wetmore] for taking a vacation, but, it appears to the court that everything that accounted for the delay in securing the information required, was not of the [plaintiff's] making, but rather of unexpected happenings that made compliance with the deadline sought by the employer impossible for the [plaintiff] to meet. Nor, does the court feel that a finding of wilful misconduct on the part of the [plaintiff] is justified on a finding that the [plaintiff] could or should have made more calls to the [d]octor's office or more visits to the [d]octor's office than were made by her, and that if said calls or visits had been made, [the plaintiff] could have provided said forms earlier in conformity with deadlines.

"The court can find no evidence that would justify a finding of wilful misconduct on the part of the [plaintiff]. As a result the [plaintiff] is not disqualified from receiving unemployment compensation benefits pursuant to General Statutes § 31-236 (a) (2) (B)." The court then reversed the decision of the board and awarded full benefits to the plaintiff. This appeal followed.

The defendant claims that the court improperly found facts beyond those certified to it by the board and utilized those facts to improperly determine that the board's decision that the plaintiff engaged in wilful misconduct was not supported by the evidence. We agree.

"A trial court's review of the findings of the board is circumscribed. To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . [The court] cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . . In the absence of a motion to correct the finding of the board,

the court is bound by the board's finding." (Citation omitted; internal quotation marks omitted.) *Warner* v. *Administrator, Unemployment Compensation Act,* 135 Conn. App. 84, 88–89, 41 A.3d 348 (2012). "Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the board of review has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." *Burnham* v. *Administrator, Unemployment Compensation Act,* 184 Conn. 317, 322, 439 A.2d 1008 (1981).

In the present case, the court exceeded its limited role on review and ignored the facts certified to it by the board. The court improperly looked to documents in the record to support its own conclusions, such as a written statement of the plaintiff provided to the defendant regarding the plaintiff's attempts to contact Wetmore's office. In doing so, the court implicitly made its own credibility determinations and weighed the evidence. The board explicitly found that the plaintiff failed to provide credible documentation for her failure to return the second medical form to Ocean State, even after the board itself requested and provided an extended time frame for her to provide such documentation to support her claims. The board also explicitly found that Wetmore was not responsible for the plaintiff's failure to submit the second medical form to Ocean State. It was not the role of the trial court to determine otherwise. It is not the province of the trial court in the unemployment compensation context to make credibility determinations or to weigh evidence.

The court also improperly determined that the board's conclusion that the plaintiff engaged in wilful misconduct was not supported by the evidence. The board found that the plaintiff was provided with two opportunities over the course of several months to submit the required medical form to Ocean State. The board

determined that the loss of the first medical form by Wetmore's office excused the plaintiff from returning it the first time. After learning that Wetmore's office lost the first medical form, however, the plaintiff failed to return the second medical form despite having ample time in which to do so. The board determined that the plaintiff failed to provide adequate documentation as to why she never returned the second medical form. Subsequently, the board determined that the plaintiff's failure to turn in the second form to Ocean State or to offer a credible explanation as to why she failed to do so constituted wilful misconduct because Ocean State informed the plaintiff in its letters to her that failure to return the requested documentation would result in loss of her right to reinstatement. On the basis of its certified findings, we cannot conclude that the board acted unreasonably, arbitrarily, illegally or in abuse of its discretion in determining that the plaintiff engaged in wilful misconduct and was therefore not entitled to unemployment benefits.

The judgment is reversed and the case is remanded to the trial court with direction to affirm the decision of the employment security board of review.

In this opinion the other judges concurred.