******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DONNA L. KACHNOWSKI *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION
ACT ET AL.
(AC 36199)

Beach, Keller and Harper, Js.

*Argued March 11—officially released July 21, 2015*

(Appeal from Superior Court, judicial district of New London, Hon. Thomas F. Parker, judge trial referee.)

*Donna L. Kachnowski*, self-represented, the appellant (plaintiff).

*Krista Dotson O'Brien*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Philip M. Schulz*, assistant attorney general, for the appellee (named defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, Donna L. Kachnowski, appeals from the judgment of the Superior Court dismissing her appeal from the decision of the Employment Security Board of Review (board).[1] On appeal, the plaintiff claims: (1) "the [board] improperly handled [her] appeal when it certified the appeal to the Superior Court and failed to comply with Practice Book § 22-1 . . . and . . . [§] 31-237g-51 [of the Regulations of Connecticut State Agencies]"; (2) "the [board] erred in [not] certifying all pertinent file records concerning the appeal to the Superior Court as pursuant to . . . § 31-237g-1 (b) [of the Regulations of Connecticut State Agencies] and the Superior Court erred in ignoring the plaintiff's argument that the board failed to do so"; (3) "the board failed to respond to, file and certify [her] motion to correct to the Superior Court, as required by Practice Book §§ 22-4, 22-7 and 22-8, and . . . the Superior Court erred in dismissing [her] argument regarding it [because the] exclusion of this motion precluded further review of the facts by the court"; (4) "[the board] failed to follow the guidelines of . . . § 31-236-26d [of the Regulations of Connecticut State Agencies] and the plaintiff did not commit wilful misconduct in the course of employment and, therefore, was eligible for unemployment benefits"; and (5) "the Superior Court erred in making a judgment of dismissal in [her] case . . . ." Based on our review of claims four and five, we affirm the judgment of the Superior Court.[2]

The following facts, as found by an appeals referee and adopted by the board, and procedural history are relevant to the resolution of the plaintiff's fourth and fifth claims. The plaintiff was a project coordinator for her employer, Tsunami Tsolutions, LLC (employer), until the termination of her employment on January 11, 2012. Prior to her termination, the employer scheduled numerous meetings with the plaintiff to discuss her excessive absences. The plaintiff did not attend the final scheduled meeting on January 11, 2012. In turn, she received a notice of termination. The listed reasons for termination included refusal to report to work on January 11, 2012, refusal to attend a mandatory personnel meeting on January 11, 2012, continuing resistance to communicate effectively with the employer, refusal to follow the employer's policies, refusal to take direction from supervisor personnel, and refusal to conduct herself in a professional manner.

The plaintiff filed her initial claim for unemployment compensation benefits on January 17, 2012, with an effective date of January 15, 2012. The defendant Administrator of the Unemployment Compensation Act denied the claim, and the plaintiff appealed the decision to an appeals referee (referee). After conducting a hearing, the referee affirmed the decision on June 22, 2012, and made forty findings of fact, which included, but

were not limited to, the reasons for the mandatory personnel meeting, her subsequent refusal to attend the mandatory personnel meeting, and her termination. On July 2, 2012, the plaintiff filed a motion to reopen the referee's decision, which was denied on July 5, 2012. Thereafter, the plaintiff appealed to the board.

The board adopted the findings of the referee, and affirmed the referee's decision on January 28, 2013. The board stated: "We concur in the referee's determination that the employer discharged the [plaintiff] based on her failure to comply with its directive to attend a mandatory January 11, 2012 personnel meeting. An employee's failure to follow an employer's reasonable directive constitutes wilful misconduct where there is no good cause for the employee not to comply with that directive."

On February 19, 2013, the plaintiff petitioned the board to review its decision and filed a motion to reopen the board's decision, a motion to correct the board's findings, and an appeal to the Superior Court. In its May 6, 2013 decision on the plaintiff's petition for review, the board denied the plaintiff's motion to reopen. On May 20, 2013, the record was certified to the Superior Court. On July 2, 2013, the defendant filed a motion for judgment arguing that it was entitled to judgment in its favor because the court was bound by the board's findings of fact and, on the basis of those findings, the plaintiff could not demonstrate that its decision was unreasonable, arbitrary, or illegal. On July 12, 2013, the plaintiff filed an untimely motion to correct findings from the board's decision. Pursuant to Practice Book § 22-4,[3] a motion to correct must be filed within two weeks after the certification of the record to the court. Because the record was certified on May 20, 2013, this filing was untimely. On July 15, 2013, the court granted the defendant's motion for judgment and dismissed the plaintiff's appeal. The plaintiff filed a motion to reargue, which the court denied on September 20, 2013. This appeal followed.

"When considering an appeal from the board, we have stated that [a] plaintiff's failure to file a timely motion [to correct] the board's findings in accordance with [Practice Book] § 22-4 prevents further review of those facts found by the board. . . . In the absence of a motion to correct the findings of the board, the court is not entitled to retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether . . . there was any evidence to support in law the conclusions reached. [The court] cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." (Internal quotation marks omitted.) *Davis* v. *Administrator, Unemployment Compensation Act*, 155 Conn. App. 259, 262–63, 109 A.3d 540 (2015). "Judi-

cial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the board of review has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (Internal quotation marks omitted.) *Lantieri* v. *Administrator, Unemployment Compensation Act*, 136 Conn. App. 174, 183, 43 A.3d 815 (2012).

The board, in its adoption of the referee's findings, found that the employer discharged the plaintiff for deliberate misconduct by not attending a mandatory personnel meeting on January 11, 2012, which in turn disqualified her from receiving unemployment compensation benefits pursuant to General Statutes § 31-23 (a) (2) (B).[4] The board accepted the credibility of the employer's witness regarding the existence of the mandatory personnel meeting that the plaintiff did not attend on January 11, 2012, and found that there was "nothing in the existing record that would compel us to overturn the referee's credibility determination."[5] The board found that prior to this missed meeting, the plaintiff had a previous action plan for performance improvement put into place on December 16, 2011, for failure to attend another personnel related meeting with the employer. Further, the board stated that "the parties have not offered any argument in support of or in opposition to the appeal which would disturb the referee's findings of fact." On the basis of the foregoing, we conclude that there was ample evidence to support the conclusions reached by the board in its review of the referee's decision, and, therefore, the court properly concluded that the board's ruling was not arbitrary, capricious, or contrary to law. See *Davis* v. *Administrator, Unemployment Compensation Act*, supra, 155 Conn. 263. Accordingly, the court properly dismissed the plaintiff's appeal.

The judgment is affirmed.

[1] In addition to the Administrator of the Unemployment Compensation Act, the plaintiff's employer, Tsunami Tsolutions, LLC, also was named as a defendant, as was the Employment Security Appeals Division. For convenience, we refer in this opinion to the Administrator of the Unemployment Compensation Act as the defendant. Tsunami Tsolutions, LLC, via a letter dated December 4, 2014, adopted the appellate brief of the defendant. The Employment Security Appeals Division is not a party to this appeal.

[2] We decline to review the plaintiff's first three claims, as they are inadequately briefed. "It is well settled that [w]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Clelford* v. *Bristol*, 150 Conn. App. 229, 233, 90 A.3d 998 (2014).

[3] Practice Book § 22-4 provides: "If the appellant desires to have the finding

of the board corrected, he or she must, within two weeks after the record has been filed in the superior court, unless the time is extended for cause by the board, file with the board a motion for the correction of the finding and with it such portions of the evidence as he or she deems relevant and material to the corrections asked for, certified by the stenographer who took it; but if the appellant claims that substantially all of the evidence is relevant and material to the corrections sought, he or she may file all of it, so certified, indicating in the motion so far as possible the portion applicable to each correction sought. The board shall forthwith upon the filing of the motion and of the transcript of the evidence, give notice to the adverse party or parties."

[4] General Statutes § 31-236 (a) provides in relevant part: "An individual shall be ineligible for benefits . . . (2) . . . (B) if, in the opinion of the administrator, the individual has been discharged or suspended for . . . wilful misconduct in the course of the individual's employment . . . ."

[5] The board did modify one finding of fact stating: "in finding of fact no. 12 we substitute the dates 'December 12, 2011 and December 13, 2011' for the dates 'Monday December 12, 2011 and December 12, 2011.' " This fact is inconsequential to the plaintiff's appeal.