ALFRED P. MAYO *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.
(AC 33454)

Bear, Espinosa and Bishop, Js.

Argued March 12—officially released June 19, 2012

*Alfred P. Mayo*, pro se, the appellant (plaintiff).

*Richard T. Sponzo*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Philip M. Schulz*, assistant attorney general, for the appellee (defendant).

PER CURIAM. The self-represented plaintiff, Alfred P. Mayo, appeals from the judgment of the Superior Court dismissing his appeal from a decision of the employment security board of review (board). On appeal, the plaintiff asserts procedural claims regarding the fairness of the hearing before the appeals referee.[1] He also claims, on the merits, that the appeals referee's decision denying him unemployment compensation benefits was incorrect as was the subsequent decision of the board affirming the decision of the appeals referee, and that the court incorrectly dismissed his appeal. We affirm the judgment of the Superior Court.

The following undisputed factual and procedural history is pertinent to our resolution of the issues on appeal. The plaintiff was a full-time hourly worker for the defendant Bauer, Inc., (Bauer) from September 26, 2005, until January 15, 2008, when his employer discharged him for insubordination. Thereafter, the plaintiff successfully filed a claim for unemployment compensation benefits with the defendant administrator of the Unemployment Compensation Act. Bauer then contested the plaintiff's entitlement to those benefits. As a result, an appeals referee conducted a de novo fact based hearing. Based on his determination of the relevant facts, the appeals referee reversed the administrator's ruling and determined, instead, that pursuant to General Statutes § 31-236 (a) (2) (B), the plaintiff was ineligible for unemployment compensation benefits because he had been discharged from employment for wilful misconduct. The plaintiff then appealed to

---

[1] Specifically, the plaintiff claims that the appeals referee had an ex parte conversation with a representative of the defendant Bauer, Inc., the plaintiff's employer, and that, during the hearing before the appeals referee he was not permitted to present his case fully and he was not given an adequate opportunity to cross-examine Bauer's representative regarding the circumstances of his discharge from employment.

the board, which affirmed the referee's decision on the basis of its review of the record.[2] In arriving at its determination, the board adopted several of the referee's factual findings while also substituting its own findings for other findings made by the referee. Thereafter, the plaintiff moved to open the decision of the board, contending that in arriving at its decision to affirm the appeals referee, the board failed to consider adequately certain evidence favorable to his claim. Upon the board's denial of his motion to open, the plaintiff appealed to the Superior Court which, in turn, dismissed his appeal. This appeal followed.

With respect to judicial review on appeal, "[t]o the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative

[2] The record reflects that the plaintiff asked the board to reopen the evidence on the basis that he was denied a fair opportunity to present evidence and to cross-examine witnesses at the hearing before the appeals referee. Pursuant to General Statutes § 31-249, the board may, but is not required to, open the record to take further evidence. In this instance, the board refused to open the record on the basis of its determination that the record of the appeals division hearing demonstrated that the plaintiff was given a full and fair opportunity to present his case before the appeals referee. The board determined, as well, that contrary to the plaintiff's claim, the appeals referee had not engaged in an improper ex parte telephonic conversation with Bauer's representative regarding the merits of the plaintiff's claim but, instead, simply had arranged to have a Bauer representative available by telephone for purposes of the hearing. Those factual findings will be left undisturbed on appeal since the plaintiff did not file a motion to correct the findings of the board.

board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal, or an abuse of discretion." (Citations omitted.) *United Parcel Service, Inc.* v. *Administrator, Unemployment Compensation Act,* 209 Conn. 381, 385–86, 551 A.2d 724 (1988).

Furthermore, "[a] plaintiff's failure to file a timely motion [to correct] the board's findings in accordance with [Practice Book] § 22-4 prevents further review of those facts found by the board. . . . In the absence of a motion to correct the findings of the board, the court is not entitled to retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether . . . there was any evidence to support in law the conclusions reached. [The court] cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . . Practice Book § 22-9 (a)."[3] (Citations omitted; internal quotation marks omitted.) *Tosado* v. *Administrator, Unemployment Compensation Act,* 130 Conn. App. 266, 275, 22 A.3d 675 (2011); see *Belica* v. *Administrator, Unemployment Compensation Act,*

[3] Practice Book § 22-4, concerning unemployment compensation appeals provides in relevant part: "If the appellant desires to have the finding of the board corrected, he or she must, within two weeks after the record has been filed in the superior court, unless the time is extended for cause by the board, file with the board a motion for the correction of the finding and with it such portions of the evidence as he or she deems relevant and material to the corrections asked for . . . ."

Practice Book § 22-9 (a), also regarding unemployment compensation appeals, provides in relevant part: "Such appeals are heard by the court upon the certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . . ."

126 Conn. App. 779, 787, 12 A.3d 1067 (2011) (plaintiff's failure to file motion to correct board's findings fatal to his contrary factual claims on appeal).

In the present case, it is undisputed that the plaintiff did not file a motion to correct the board's findings, and, thus, on review, we must accept, as proven, the facts as found by the board.[4] On the basis of the board's factual determinations regarding the circumstances of the plaintiff's discharge from employment as applied to the law concerning eligibility for receipt of unemployment compensation, we find no error in its conclusion that the plaintiff was discharged for wilful misconduct and, thus, was ineligible for unemployment compensation. On that basis, the court was left with no choice but to dismiss the plaintiff's administrative appeal.

The judgment is affirmed.

---

[4] Citing to his status as a self-represented party, the plaintiff asks this court, on review, not to be bound by the facts found by the board even though he did not move to correct the board's findings as required by rule. Although we are solicitous of self-represented parties, we do not abrogate the rules of procedure for self-represented parties as those rules operate not only to create judicial regularity and foreseeability for litigants, but they embody notions of fairness, which it would be unjust to forsake in the name of deference to the self-represented. In a similar vein, this court has previously stated: "Although our courts are consistently . . . solicitous of the rights of pro se litigants, the rules of practice cannot be ignored to the detriment of other parties." (Internal quotation marks omitted.) *Oakland Heights Mobile Park, Inc.* v. *Simon*, 36 Conn. App. 432, 436, 651 A.2d 281 (1994).