******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JAMES DAVIS III *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION
ACT ET AL.
(AC 36335)

DiPentima, C. J., and Lavine and Harper, Js.

*Argued October 27, 2014—officially released February 3, 2015*

(Appeal from Superior Court, judicial district of Fairfield, Hon. Richard P. Gilardi, judge trial referee.)

*James Davis III*, self-represented, the appellant (plaintiff).

*Thomas P. Clifford III*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Philip M. Schulz*, assistant attorney gen-

eral, for the appellee (named defendant).

*Michael Paes*, for the appellee (defendant Teddy's Transportation System, LLC).

*Opinion*

PER CURIAM. The self-represented plaintiff, James Davis III, appeals from the judgment of the Superior Court dismissing his appeal from the decision of the Employment Security Board of Review (board). On appeal, the plaintiff claims that the decision of the appeals referee (referee) finding that he engaged in wilful misconduct and therefore was ineligible to receive unemployment compensation benefits was unreasonable and unsupported by the evidence in the record. The plaintiff also challenges the subsequent decision of the board, which affirmed the referee's decision, and the dismissal of his appeal by the Superior Court. We affirm the judgment of the Superior Court.

The following facts and procedural history are relevant to our disposition of the plaintiff's appeal. The plaintiff was an employed driver for the defendant Teddy's Transportation System, Inc. (Teddy's), from July 21, 2010, until his termination on January 7, 2012. After a formal complaint was filed by a coworker, the plaintiff was disciplined for making racially inappropriate comments. John Martinez, a manager at Teddy's, met with the plaintiff on January 2, 2012, and warned him that his job was in jeopardy due to his inappropriate actions. Two days later, on January 4, 2012, Martinez e-mailed the plaintiff, as well as other employees, and informed them that they were scheduled to attend a mandatory monthly harassment class on January 18, 2012. Martinez informed the employees to notify him in the event that they had any "issues."[1]

The plaintiff responded to the e-mail as follows: "Yes I do have issues. I don't harass anyone and I don't feel like I'm being [harassed]. In the course of working daily or nightly [sometimes] people have differences and express themselves differently, [does] that mean they need therapy? I have no problems with the customers or being on time and taking them to their location [without] incident what more you want, if [that's] not good enough I suggest you give me a pink slip I'll walk." The plaintiff's employment was terminated on January 7, 2012, and he applied to receive unemployment benefits.

On January 30, 2012, the defendant Administrator of the Unemployment Compensation Act ruled that the plaintiff was eligible to receive compensation benefits effective January 8, 2012. Teddy's thereafter filed a timely appeal. After a hearing, the referee found that the plaintiff was discharged for wilful misconduct under General Statutes § 31-236 (a) (2) (B)[2] and therefore was disqualified from receiving unemployment benefits. The board, after reviewing the record of the plaintiff's appeal, including the recording of the referee's hearing, affirmed the referee's decision and dismissed the plaintiff's appeal. The plaintiff then appealed to the Superior Court. The court, in a memorandum of decision dated

November 5, 2013, determined that the decision of the board followed reasonably from the facts, correctly applied the law to the facts, and, therefore, was not arbitrary, capricious or contrary to law. This appeal followed.

When considering an appeal from the board, we have stated that "[a] plaintiff's failure to file a timely motion [to correct] the board's findings in accordance with [Practice Book] § 22-4 prevents further review of those facts found by the board. . . . In the absence of a motion to correct the findings of the board, the court is not entitled to retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether . . . there was any evidence to support in law the conclusions reached. [The court] cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . . Practice Book § 22-9 (a)."[3] (Internal quotation marks omitted.) *Mayo* v. *Administrator, Unemployment Compensation Act*, 136 Conn. App. 298, 301, 44 A.3d 883 (2012). In the present case, the plaintiff failed to file a motion to correct the findings of the board pursuant to Practice Book § 22-4.

In the absence of a motion to correct pursuant to Practice Book § 22-4, this court looks to whether there was any evidence to support the conclusions reached by the board. The board, in its decision affirming the decision by the referee, found: "[T]he record reveals that the [plaintiff] had a history of communication problems . . . . The incident that triggered the [plaintiff's] discharge occurred on January 6, 2012, when the [plaintiff] replied to the general manager's e-mail directing him to attend a mandatory class on harassment. . . . Because the [plaintiff] had argued with another dispatcher on January 4, 2012, we find that the general manager's directive to attend the training was reasonable. The [plaintiff's] belief that he was not harassing anyone does not justify his insubordinate reaction to the general manager's reasonable request." The plaintiff's wilful choice to reply to his manager in such a manner qualifies as conduct to make him ineligible for benefits under § 31-236 (a) (2) (B). On the basis of the foregoing, we conclude that there was evidence to support the conclusions reached by the board, and therefore its ruling was not arbitrary, capricious, or contrary to law.

The judgment is affirmed.

[1] In its decision, the board stated: "Accordingly, we adopt the referee's findings of fact and decision, except that we add the following sentences to the referee's finding of fact no. 10: 'The employer required the [plaintiff] to attend the class because of his argument with a dispatcher on January 4, 2012. The employer would not have discharged the [plaintiff] if he attended the class.' "

[2] General Statutes § 31-236 (a) provides in relevant part: "An individual shall be ineligible for benefits . . . (2) . . . (B) if, in the opinion of the administrator, the individual has been discharged or suspended for . . . wilful misconduct in the course of the individual's employment . . . ."

[3] Practice Book § 22-4 provides: "If the appellant desires to have the finding of the board corrected, he or she must, within two weeks after the record has been filed in the superior court, unless the time is extended for cause by the board, file with the board a motion for the correction of the finding and with it such portions of the evidence as he or she deems relevant and material to the corrections asked for, certified by the stenographer who took it; but if the appellant claims that substantially all of the evidence is relevant and material to the corrections sought, he or she may file all of it, so certified, indicating in the motion so far as possible the portion applicable to each correction sought. The board shall forthwith upon the filing of the motion and of the transcript of the evidence, give notice to the adverse party or parties."