******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ELBA PHILLIPS *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION
ACT ET AL.
(AC 36379)

Lavine, Mullins and Schaller, Js.

*Argued January 22—officially released May 19, 2015*

(Appeal from Superior Court, judicial district of
Hartford, Schuman, J.)

*Elba Phillips*, self-represented, the appellant
(plaintiff).

*Maria C. Rodriquez*, assistant attorney general, with

whom, on the brief, were *George Jepsen*, attorney general, and *Philip M. Schulz*, assistant attorney general, for the appellee (named defendant).

*Opinion*

LAVINE, J. In this appeal, the plaintiff, Elba Phillips, challenges the determination that she is not eligible for unemployment compensation benefits due to the finding that she was dismissed from employment on the basis of deliberate misconduct in the course of her employment. The plaintiff appeals from the judgment of the trial court rendered in favor of the defendants, the Administrator of the Unemployment Compensation Act (administrator), Community Substance Abuse Centers, Inc. (employer), and the Employment Security Appeals Division–Board of Review (board).[1] On appeal, the plaintiff claims that the trial court improperly granted the administrator's motion for judgment on the basis of the certified record. We affirm the judgment of the trial court.

The plaintiff was discharged from her employment on February 29, 2012, for allegedly falsifying the records of her employer. She filed an application for unemployment benefits, which was granted by an unemployment adjudicator, who found that the plaintiff had been discharged for reasons that did not constitute wilful misconduct.[2] The employer appealed.

The appeal was heard by a referee on May 2, 2012. The plaintiff represented herself at the hearing. The referee made the following findings of fact. The plaintiff had been employed as a counselor from June 11, 2001, until February 29, 2012. Her duties required her to conduct weekly one hour group therapy sessions and she was to record electronically the time of the weekly group session on each participant's record. The employer relied on those records for billing purposes. On June 8, 2011, the employer issued a formal written warning to the plaintiff for her failure to follow its policies and procedures.

The referee further found that the plaintiff scheduled a weekly one hour group therapy session from 10 a.m. to 11 a.m. on February 22, 2012, but she did not begin the session until 10:20 a.m. and released the participants at 10:50 a.m. On that date at 12:39 p.m., the plaintiff recorded on the record of each of the participants that the group session began at 10:02 a.m. and ended at 11:02 a.m. The plaintiff knew at the time she recorded it that the information was false. Moreover, the referee found that the employer previously had advised the plaintiff during a staff meeting that it must repay money when fraudulent billing occurs. On February 24, 2012, the plaintiff acknowledged that she was present at the staff meeting and that she was aware of the advisement. On February 29, 2012, the employer discharged the plaintiff for falsifying the group participants' records.

On May 11, 2012, the referee issued her decision. She stated that pursuant to General Statutes § 31-236 (a) (2) (B),[3] an employee who is discharged from employ-

ment is disqualified from receiving unemployment benefits if the discharge was for wilful misconduct. The employer bears the burden of proving that an incident of wilful misconduct triggered the employee's discharge. See *Crebase* v. *Administrator, Unemployment Compensation Act*, Superior Court, judicial district of New Haven, Docket No. CV-03-0482963-S (August 13, 2008) (46 Conn. L. Rptr. 169). The final employee act that results in discharge is determined by the chronology of events that occurred at a time proximate to the discharge. The final act is considered generally to be the last objectionable event that occurred prior to discharge. See *United Parcel Service, Inc.* v. *Administrator*, 209 Conn. 381, 387–88, 551 A.2d 724 (1988).

The referee stated that intentional falsification of attendance or production work records constitutes deliberate misconduct, regardless of whether the employee was motivated by an intent to obtain pay for time not worked or for work not performed. Deliberate dishonesty or misrepresentation to the employer in the form of falsely reporting work records with its widespread implications for payroll and the monitoring of employee productivity violates the standard of conduct that an employer reasonably can expect of its employees. *Lyon* v. *Plainfield*, Dept. of Labor, Employment Security Appeals Division, Board of Review Case No. 103-BR-00 (February 25, 2000). An employee who commits an act of dishonesty in the course of her employment that adversely affects the employer's interests or violates the standards of behavior that an employer can reasonably expect from an employee is guilty of wilful misconduct. See *Marangio* v. *Tynan*, Dept. of Labor, Employment Security Appeals Division, Board of Review Case No. 997-BR-91 (August 20, 1991).

The referee found that the plaintiff's testimony was not credible and that the employer had met its burden of proof that it had discharged the plaintiff for reasons that constitute wilful misconduct. The referee found that the plaintiff is disqualified from receiving unemployment compensation benefits pursuant to § 31-236 (a) (2) (B) and reversed the adjudicator's determination that the plaintiff was eligible for unemployment compensation benefits. The plaintiff filed an appeal to the board on May 23, 2012. The board issued its decision on October 5, 2012.

On the basis of the claims the plaintiff raised before the board, the board came to the following conclusions. In adjudicating eligibility for unemployment compensation benefits, including cases involving falsification, the standard of proof is by a preponderance of the evidence, not a higher quantum of proof as claimed by the plaintiff. See *Osden* v. *Subway*, Dept. of Labor, Employment Security Appeals Division, Board of Review Case No. 1558-BR-06 (April 25, 2007); *White* v. *Aero-Space Techniques, Inc.*, Dept. of Labor, Employment Security

Appeals Division, Board of Review Case No. 197-BR-74 (February 21, 1975). The referee applied the preponderance of the evidence standard in the present case. At an unemployment compensation hearing, an employer may present hearsay evidence to meet its burden of proof if the hearsay is reliable. The reliability test has four factors: (1) the nature and atmosphere of the proceeding, (2) the availability of the witness declarant, (3) the lack of bias or interest of the witness declarant, and (4) the quality and probative value of the statements. See *Richardson* v. *Perales*, 402 U.S. 389, 402–407, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Jarvis* v. *Bodine*, Dept. of Labor, Employment Security Appeals Division, Board of Review Case No. 290-BR-87 (May 8, 1987). The board acknowledged that firsthand testimony generally is more reliable and deserving of greater weight than hearsay evidence. A referee, however, may not elevate firsthand testimony that is not credible over reliable hearsay evidence. See *Dennis* v. *Autonote Enterprises, Inc.* Dept. of Labor, Employment Security Appeals Division, Board of Review Case No. 20-BR-07 (March 9, 2007).

The board found that the referee did not rely exclusively on hearsay evidence in making her determination, but relied on credible firsthand testimony from the employer's program director, Carolyn Massoud-Leroy, in determining that the plaintiff did not start the February 22, 2012 group session until after 10:18 a.m. and ended it at 10:50 a.m. The board found that the referee's findings were supported by the record[4] and that her conclusion was consistent with those findings and the provisions of the Workers' Unemployment Compensation Act. The board affirmed the decision of the referee and dismissed the plaintiff's appeal.[5]

Thereafter, the plaintiff, represented by counsel, filed a motion to open the decision of the board. In her motion, the plaintiff claimed that the employer's case was "totally dependent on the alleged statement of a security guard," and that she was never shown a sworn statement signed by the guard, and she was never told that Massoud-Leroy had observed the events of February 22, 2012. The plaintiff claimed that the board's decision was predicated on legal determinations that were beyond her capacity as a lay person to comprehend and that she could not knowingly have waived her right to have the employer produce potential witnesses. The plaintiff claimed that when she attended the hearing, "she erroneously understood that it was the [e]mployer's burden to present evidence in support of [its] appeal." She also claimed that she did not understand that she should secure the advice and representation of counsel and that she could object to Massoud-Leroy's testimony.

The board denied the plaintiff's motion to open its decision. The board stated that in her motion, the plain-

tiff attempted to supplement the record with an April 23, 2007 memorandum from the employer's clinical director and other memoranda dating to 2002. The board noted the underlying record may not be supplemented without good cause. Although new evidence may provide a basis for opening the record, the evidence must be new and not discoverable through the exercise of due diligence. See Regs., Conn. State Agencies § 31-237g-35; *Meehan Real Estate* v. *Administrator, Unemployment Compensation Act*, Superior Court, judicial district of Windham, Docket No. CV-11-5005707-S (April 2, 2012). The board's review of a referee's decision is limited to the existing record. The plaintiff also attempted to raise new allegations outside of the existing record, which she may not do. See *Mayo* v. *Administrator, Unemployment Compensation Act*, 136 Conn. App. 298, 301–302, 44 A.3d 883 (2012).

The board stated that even if it had considered the plaintiff's new claims, they were not likely to alter its conclusion. The board further stated that although a party to an unemployment compensation proceeding has the right to be represented by counsel, a party is not provided a second hearing if the party failed to obtain legal representation at the first hearing. See Regs., Conn. State Agencies § 31-237g-11 (a).

The board found that the referee properly weighed the evidence and considered hearsay evidence that she found reliable. Despite the plaintiff's claims that she had witnesses who could testify on her behalf, she failed to produce them at the hearing before the referee. The board concluded on the basis of its review of the record that the plaintiff failed to show that the ends of justice required that the board's decision be opened. The board certified the record to the trial court.

The plaintiff filed an appeal in the trial court on January 3, 2013. On October 8, 2013, the administrator filed a motion for judgment, which the plaintiff did not oppose. The court granted the motion for judgment on the merits on November 19, 2013. The plaintiff filed the present appeal.

On appeal to this court, the plaintiff claims that fraud must be proven by clear and convincing evidence and that the referee erred when she determined that the plaintiff committed fraud by falsifying billing records. In her brief, the plaintiff presents this court with her version of the facts and certain documents. It is well known that appellate courts do not make factual or credibility determinations. See Practice Book § 22-9; see also, e.g. *Hartney* v. *Hartney*, 83 Conn. App. 553, 563, 850 A.2d 1098 (factual and credibility determinations made by finder of fact), cert. denied, 271 Conn. 920, 859 A.2d 578 (2004).

"The trial court's standard of review with regard to administrative appeals is limited. Such appeals are

heard by the court upon certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. . . . The court's ultimate duty is to decide only whether, in light of the evidence, the board of review has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (Citation omitted; internal quotation marks omitted.) *Bennett* v. *Administrator, Unemployment Compensation Act*, 34 Conn. App. 620, 626, 642 A.2d 743 (1994).

The plaintiff has failed to demonstrate by means of legal analysis that the board acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. We therefore affirm the trial court's judgment on the merits in favor of the defendants.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The employer is not a party to this appeal, and only the administrator filed a brief.

[2] The unemployment adjudicator found that the plaintiff "showed poor time management, but not wilful misconduct when she was late gathering her group on [February 22, 2012]."

[3] General Statutes § 31-236 (a) provides in relevant part: "An individual shall be ineligible for benefits . . . (2) . . . (B) if, in the opinion of the administrator, the individual has been discharged . . . for . . . wilful misconduct in the course of the individual's employment . . . ."

The statute defines wilful misconduct as "deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied . . . ." General Statutes § 31-236 (a) (16).

[4] The board added the following finding of fact to the record: "The employer's witness . . . Massoud-Leroy, can see people, including group members, arriving and leaving from her office. She saw the [plaintiff] walk into the lobby to meet her group at 10:18 a.m. on February 22, 2012, and viewed the group members leaving at 10:50 a.m."

[5] The referee found that "the employer provides substance abuse counseling to its clients [and that c]onducting counseling sessions for less than the requisite period of time could potentially adversely impact the client's recovery." The plaintiff objected to this finding as the employer did not raise it as a defense and there was no evidence to support it.

The board concluded that regardless of whether the referee properly determined that conducting counseling sessions for less than the requisite period of time had a potentially adverse impact on a client's recovery would not alter the fact that the plaintiff falsified the clients' records. Falsification of an employer's time records clearly is not in an employer's interests.